[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband at Groton, Connecticut, on February 22, 1975.
The Court has jurisdiction in that both of the parties have resided continuously in the State of Connecticut for at least one year up to the date of filing of the complaint.
Three children have been born to the wife during the course of this marriage, all are issue and minors, to wit: Eric Milner, born May 24, 1978; Peter Milner, born March 18, CT Page 3105 1980; and Patrick Milner, born January 9, 1984.
This marriage has had a rather convoluted history. On February 8, 1988, the wife commenced an action for a legal separation. On March 2, 1989, this Court, Judge Koletsky presiding, entered a judgment of legal separation, and further entered other orders, in accordance with the agreement of the parties.
These orders included, inter alia, that the wife receive title to the marital premises located at Pendleton Hill Road, North Stonington. Subsequently, the parties resumed marital relations. This is agreed to by the parties.
The Court will, therefore, treat the prior judgment as one which is voidable and which by the action rendered such judgment void. To do otherwise, would preclude the parties from ever having their marriage dissolved.
The evidence convinces the Court that the relationship between the parties during the past few years has been extremely volatile and, at times, dangerous and threatening. The wife and a mutual friend of the family, Richard Chamberlain, both testified as to the use by the husband of invectives and threatened mayhem. There is evidence that the husband tried to run her off the road, threatened to burn the house and to shoot her. Finally, in the Spring of 1990, the wife left with the children in fear for her safety.
The Court can reasonably conclude from the evidence presented, that the husband's behavior was the primary cause for the breakdown of the marriage.
The wife is 38 years of age and appears to be in good health. She has a B. S. degree and in 1989 received a Master's degree in education. She assumed her present employment as a teacher in September 1991, for which she receives an annual salary of $30,000.
The husband is a high school graduate. He testified that he suffers from carpal tunnel syndrome and also from bone spurs. His further claim is that he is inhibited from working because of his present physical condition.
The defendant presents to the Court a convoluted and unconvincing financial history. His testimony as to the use of his credit cards is equally unconvincing.
There were two appraisers who testified as to the fair market value of the house. The first, James Blair, was CT Page 3106 presented on behalf of the defendant. He testified that the marital premises had a fair market value of $215,000. The second appraiser, Kathleen Henry, testified that the premises had a fair market value of $169,000. The more convincing testimony, by far, was presented by James Blair, and the Court, therefore, makes a finding that the fair market value is $215,000.
Having considered all of the testimony and having taken under consideration all of the criteria contained in Connecticut General Statutes Sections 46b-81, 46b-82 and46b-84, the Court further finds and orders as follows:
1. Custody of the three minor children shall be with the plaintiff mother. She shall cooperate with the ongoing family therapy.
(a) Visitation of the minor children shall be conditioned upon the defendant father and the children engaging in on-going family therapy. Failure to meet this condition may constitute a substantial change affecting the best interests of the children, warranting a modification of the visitation schedule.
(b) Defendant father's visitation shall be as follows:
 (1) Alternating weekends commencing on Friday at 4:00 p. m. until Sunday at 6:00 p. m. If the following Monday is a legal holiday, then the children shall be returned not on Sunday, but on Monday at 6:00 p. m.
 (2) Every July 1 to July 31. However, defendant father shall return the children to plaintiff mother on the third full weekend of that month on Friday at 6:00 p. m. and be entitled to the balance of the month of July beginning on Sunday of that weekend at 6:00 p. m.
 (3) After the month-long July visit, the alternating weekend schedule shall not recommence until the weekend after the Labor Day holiday, excepting that defendant father shall be entitled to visitation the third full weekend in August from Friday at 6:00 p. m. until Sunday at 6:00 p. m.
CT Page 3107
 (4) Every Father's Day. If Father's Day shall fall on a weekend when the children are not with the defendant father, then they shall be with him on that day from 10:00 a.m. until 7:00 p. m. Likewise, if Mother's Day falls on a weekend defendant father is exercising visitation, he shall return the children on Sunday at 10:00 a.m.
 (5) Alternating Wednesdays from 4:00 p. m. to 8:00 p. m.
 (6) The parties shall share the February and April school vacations with the husband having the April vacation on even-numbered years and the February vacation on odd-numbered years.
 (7) Three additional weekends a year when the children can request to spend time with the father subject to other plans which may have been made and that such visitation may, at the children's discretion, be with one, two or all of the children for that weekend.
 (8) Holidays. Thanksgiving Day shall be alternated between the parties with Thanksgiving 1992 being with defendant father. If the weekend after Thanksgiving Day is a normally scheduled one with defendant father, the children shall be with him from 5:00 p. m. Wednesday until 7:00 p. m. Sunday. If it is not his normally scheduled weekend, the exercise of the holiday visitation shall commence on Wednesday at 5:00 p. m., and the children shall return on Friday at 3:00 p. m.
 Christmas Week. The Christmas week-long holiday shall be divided evenly consistent with this Court's orders regarding Christmas Eve and Christmas Day visitation.
 Easter Sunday shall be alternated between the parties with Easter Sunday 1993, being with plaintiff mother.
CT Page 3108
 The holiday and vacation visitation shall preempt and take precedence over any routinely scheduled visitation.
 (9) The children shall have reasonable telephone contact with both parents at all times.
 (10) All pick up and drop off for visitation shall be at the former marital residence. The plaintiff shall not leave the marital residence and the defendant shall not exit the vehicle during pick up and drop off.
2. The husband shall pay as support for the minor children the sum of $70 per week per child. The Court bases its award on the earning capacity of the husband to be $420 net per week.
3. Each of the parties shall maintain medical and dental insurance for the minor children as available through their employment. Each shall also pay one-half of the unreimbursed medical and dental expenses. These orders are entered into subject to the provisions of Connecticut General Statutes Section 46b-84 (c).
4. The wife shall retain her interest in the marital premises. The wife shall be responsible for the payment of the existing mortgage on the premises and shall hold the husband harmless from any and all claims and liability arising therewith.
5. The husband shall retain full title and interest in the Hyde Park property. He shall be responsible for the payment of the mortgage and shall hold her harmless and indemnify her from any and all claims and liabilities arising therewith.
6. Each of the parties shall pay their own attorney's fees and costs.
7. Except as otherwise provided, each of the parties shall retain the personal property presently in their possession including all IRAs and bank accounts.
8. No alimony is awarded either party.
9. Except as otherwise provided, each of the parties shall be responsible for their own liabilities shown on their financial affidavits and shall hold each other harmless from CT Page 3109 any claims made therewith.
10. Each of the parties shall be responsible for his or her own attorney's fees and costs.
MIHALAKOS, JUDGE